1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| S.D., by and through her guardian Cindy Brown, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MORELAND SCHOOL DISTRICT, ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> —————————————————— ) | Case No.: 5:14-cv-00813-LHK <br><br> ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

     Plaintiff S.D. ("S.D."), by and through her guardian Cindy Brown, brings this action against Defendant Moreland School District ("MSD") alleging violations of the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*; Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794; and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.* ("Compl.") ECF No. 1. MSD moves to dismiss S.D.'s second and third causes of actions for violations of Section 504 and the ADA. ("Mot.") ECF No. 11. S.D. opposes the Motion, ("Opp'n") ECF No. 19, and MSD replied, ("Reply") ECF No. 21. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing scheduled for August 7, 2014, at 1:30 p.m. ECF No. 11. The Case Management Conference set for August 7, 2014, at 1:30 p.m. shall

take place as scheduled. Having considered the submissions of the parties and the applicable law, the Court hereby DENIES MSD's motion to dismiss.

## I.     BACKGROUND

### A.     Factual Background

S.D., a minor, is diagnosed with autism and "requires intensive support and high quality interventions" for self-harming behaviors. Compl. ¶ 8. Starting at a young age, S.D. began banging her head and "mouthing, chewing and swallowing inedible objects." *Id.* Before S.D. transitioned to Moreland School District, she attended a public school in a different district. *Id.* ¶ 10. S.D. alleges that her previous school included "appropriate supports and services" for autistic children and that her self-harming behaviors there were mild. *Id.* ¶¶ 10-11. S.D. alleges that although she had "behavioral spikes" at her previous school, her head banging disappeared and her risk of injury was minimal to near zero. *Id.* ¶ 11.

In August 2012, S.D. transitioned to Easterbrook Discovery School, located in Moreland School District. *Id.* ¶ 12. Here, S.D. alleges that her behavior "regressed" in a variety of ways. *Id.* Most significantly, S.D. alleges that she began repeatedly banging her head to the point of injury. *Id.* On or about September 18, 2012, S.D. "banged her head on the glass covering the fire extinguisher and broke the glass against her head." *Id.* MSD hired an independent observer around November 2012 to document S.D.'s behavior. *Id.* ¶ 16. The observer noted that S.D.'s "self-injurious behaviors, mostly consisting of banging her head on hard surfaces," occurred "2-23x per day, lasting from 5 seconds to 5 minutes per incident." *Id.* S.D. claims that she left a mark on her head 83% of the time she banged it, and that the lumps that resulted from S.D.'s head-banging "would stay with her all day." *Id.* ¶ 26. In addition, S.D.'s attention span decreased while attending the new school, and she started to "develop adverse reactions even being near the Easterbrook School." *Id.* ¶ 15. Finally, S.D. reports other regressive behavior during this time, including refusing to follow instructions, chewing fingernails, chewing off clothing accessories, and hitting her head onto others. *Id.* ¶ 17.

S.D. believes that the school was unable to properly care for her. S.D.'s teacher stated that he did not believe "that S.D. was capable of attending school without harming herself." *Id.* ¶ 34.

United States District Court
For the Northern District of California

S.D. alleges that MSD had no individualized intervention plan for S.D.'s behavior when she started school. *Id.* ¶ 37. S.D. also alleges that the staff "went unsupervised for months by anyone with appropriate training in restraining children with severe head banging behaviors." *Id.* The aide assigned to work with S.D. was not trained to work with children with autism and children with head-banging behaviors. *Id.* ¶ 45. After S.D. put her head through the fire extinguisher glass, the aide believed that S.D. did not require medical examination. *Id.* S.D. alleges that the staff used inappropriate and unauthorized physical restrains that were "seriously traumatizing to S.D." *Id.* ¶ 39.

S.D. alleges that her behavior at her new elementary school was evidence of regression. Although S.D. engaged in some head-banging at her previous school, S.D.'s previous teacher stated that her previous head-banging was "intermittent" and that "weeks went by without any behaviors" *Id.* ¶ 30. S.D. was previously able to attend school without being placed at risk of injury. *Id.* Additionally, S.D. alleges that she was able to participate in her classroom independently at her previous school, whereas at Easterbrook S.D. became highly dependent on her aide for things she could previously do on her own. *Id.* ¶ 45.

In January 2013, S.D.'s family asked MSD if S.D. could move to a different classroom. *Id* ¶¶ 18-19. In a meeting held on April 3, 2013, S.D.'s parent expressed serious concern about the change in S.D.'s behavior, including S.D.'s self-injurious behavior, and requested a new placement for the S.D. *Id.* MSD denied S.D.'s request for a change of placement. *Id.* ¶ 20.

S.D. subsequently filed for an Administrative Due Process hearing under Section 1415 of the IDEA. *Id.* S.D. argued that the District had denied her a "free appropriate public education" ("FAPE") for the 2012-13 and 2013-14 school years by "failing to offer appropriate placement and support services." *Id.* ¶ 22. On January 3, 2014, an Administrative Law Judge ("ALJ") found against S.D. on all issues. *Id.* ¶¶ 46, 48-49.

**B.** **Procedural History**

Case No.:14-cv-00813-LHK
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

1    S.D. filed her Complaint on February 21, 2014. ECF No. 1. MSD filed its Motion to

2    Dismiss on March 20, 2014. ECF No. 11. S.D. opposed the Motion on May 20, 2014, ECF No. 19,

3    and MSDs replied on May 30, 2014, ECF No. 21.[1]

4    **II.      LEGAL STANDARD**

5         **A.      Rule 8(a)**

6         Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short

7    and plain statement of the claim showing that the pleader is entitled to relief." A complaint that

8    fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

9    The Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a

10   claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

11   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

12   draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

13   *Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement,

14   but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal

15   quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, a court "accept[s]

16   factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable

17   to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th

18   Cir. 2008).

19        However, a court need not accept as true allegations contradicted by judicially noticeable

20   facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and the "[C]ourt may look

21   beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6)

22   motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995).

23   Nor is the court required to "'assume the truth of legal conclusions merely because they are cast in

24   the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per

_____

25   [1] S.D. has also filed a Motion Requesting Submission of Supplemental Authority in order to draw

26   the Court's attention to the decision in *S.L. ex rel. Mary L. v. Downey Unified School District*, No.
     13-6050, 2014 WL 934942 (C.D. Cal. Mar. 10, 2014). ECF No. 27. MSD opposes the Motion
27   Requesting Submission of Supplemental Authority. ECF No. 28. Prior to the filing of the Motion
     Requesting Submission of Supplemental Authority, the Court became aware of the decision in *S.L.*
28   through its own research. Accordingly, the Motion Requesting Submission of Supplemental
     Authority is DENIED as moot.

Case No.:14-cv-00813-LHK
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678. Furthermore, "a plaintiff may plead herself out of court" if she "plead[s] facts which establish that [s]he cannot prevail on h[er] . . . claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (internal quotation marks and citation omitted).

### B.    Leave to Amend

If the Court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted when justice so requires," bearing in mind that "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted). Nonetheless, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party. . . , [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### III.    DISCUSSION

S.D. brings three causes of action: (1) appeal of an erroneous administrative decision under the IDEA; (2) violation of Section 504; and (3) violation of the ADA. Compl. ¶¶ 55-84. MSD moves to dismiss only S.D.'s Section 504 and ADA claims. Mot. at 3.

To establish a violation of Section 504, "a plaintiff must show that (1) she is handicapped within the meaning of the [Rehabilitation Act]; (2) she is otherwise qualified for the benefit or services sought; (3) she was denied the benefit or services solely by reason of her handicap; and (4) the program providing the benefit or services receives federal financial assistance." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). To establish a violation of Title II of the ADA, "a plaintiff must show that (1) she is a qualified individual with a disability; (2) she was excluded from participation in or otherwise discriminated against with regard to a public entity's services,

5

1    programs, or activities, and (3) such exclusion or discrimination was by reason of her disability."

2    *Id.*

3         Notably, both statutes require S.D. to show intentional discrimination in order to recover

4    monetary damages. *See Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001) ("To

5    recover monetary damages under Title II of the ADA or the Rehabilitation Act, a plaintiff must

6    prove intentional discrimination on the part of the defendant."). To show intentional

7    discrimination, a plaintiff must prove that the defendant acted either with "deliberate indifference"

8    or "discriminatory animus." *See Mark H. v. Lemahieu* ("*Mark H. I*"), 513 F.3d 922, 938 (9th Cir.

9    2008) ("[W]e have held that plaintiffs must prove a *mens rea* of 'intentional discrimination,' to

10   prevail on a § 504 claim, but that that standard may be met by showing 'deliberate indifference,'

11   and not only by showing 'discriminatory animus.'"); *Duvall*, 260 F.3d at 1138 (9th Cir. 2001)

12   ("deliberate indifference" standard may be used to show "intentional discrimination" under the

13   ADA); *see also Jones v. Hedgpeth*, No. 13-1526, 2014 WL 572526, at *2 (N.D. Cal. Feb. 11,

14   2014) ("In *Duvall,* the Ninth Circuit held that the appropriate test for finding intentional

15   discrimination under the ADA is a 'deliberate indifference' standard."). Here, S.D. alleges that

16   MSD acted with deliberate indifference, *see, e.g.*, Compl. ¶¶ 67, 70, which requires a plaintiff to

17   show "both knowledge that a harm to a federally protected right is substantially likely, and a failure

18   to act upon that likelihood." *Jones*, 2014 WL 572526 at *2 (citing *City of Canton v. Harris*, 489

19   U.S. 378, 389 (1989)).

20        MSD argues that S.D. has failed to state a claim under either Section 504 or the ADA for

21   two reasons. First, MSD contends that S.D. has failed to allege that she was deprived of a legally

22   cognizable right on account of her disability. Mot. at 5-7; Reply at 3-4. Second, MSD contends that

23   S.D. has failed to adequately allege that MSD acted with deliberate indifference. Mot. at 7-8; Reply

24   at 7-9. The Court disagrees with MSD on both counts.

25        With regard to MSD's first argument, the Court finds that S.D. has adequately alleged both

26   that she was deprived of a legally cognizable right and that this deprivation was on account of her

27   disability. While MSD suggests that S.D. has failed to allege that MSD deprived her of any right,

28   *see* Mot. at 6, the Complaint clearly alleges that MSD deprived S.D. of access to the full benefits of

1   a public education by failing to take steps to adequately and appropriately control S.D.'s self-

2   injurious behaviors, Compl. ¶¶ 67-68. This is a cognizable injury under both Section 504 and the

3   ADA. *See, e.g.*, *Mark H. v. Hamamoto* ("*Mark H. II*"), 620 F.3d 1090, 1097 (9th Cir. 2010)

4   ("[Defendant] is liable for damages for violating § 504 if it failed to provide [plaintiff] a reasonable

5   accommodation that [plaintiff] needed to enjoy meaningful access to the benefits of a public

6   education . . . ."); *Mark H. I*, 513 F.3d at 938 n.14 ("[A] disabled individual may be denied

7   'meaningful access'' to public education [under Section 504] when that education is not designed

8   to meet her needs as adequately as the needs of other students are met."); *K.S. ex rel. P.S. v.*

9   *Fremont Unified Sch. Dist.*, No. 06-7218, 2007 WL 915399, at *2-3 (N.D. Cal. Mar. 23, 2007)

10  (holding that plaintiff stated a claim under both Section 504 and the ADA based on allegations that

11  the school district failed to properly accommodate her autism with an appropriate individualized

12  education plan).

13          S.D. has also adequately alleged that this deprivation was *on account of* her disability. As

14  noted above, the intentional discrimination requirement of both Section 504 and the ADA can be

15  met through a showing of deliberate indifference, *see Mark H. I*, 513 F.3d at 538, which is

16  precisely what S.D. alleges here. Although MSD (in its second argument) challenges the adequacy

17  of S.D.'s allegations of deliberate indifference, the Court finds that these allegations are sufficient

18  to survive a motion to dismiss. S.D. alleges that MSD was deliberately indifferent because MSD

19  knew that S.D. had a federally protected right "to be educated in the absence of continuous injury,

20  abuse or discrimination" and nevertheless failed to protect that right. Compl. ¶¶ 68-70 (allegations

21  of deliberate indifference include: (1) failing to control S.D.'s self-injurious behaviors; (2) using

22  improper physical restraints; and (3) failing to document S.D.'s injuries or report those injuries to

23  S.D.'s guardian). The Complaint alleges that MSD was on notice that S.D. was disabled and prone

24  to self-injury. An independent observer, hired by MSD, documented S.D.'s self-injurious

25  behaviors, noting that S.D. was banging her head on hard surfaces "2-23x times" a day. *Id.* ¶ 16.

26  Moreover, S.D.'s parent notified MSD that S.D.'s self-harming behaviors had worsened and

27  requested a change in S.D.'s placement. *Id.* ¶¶ 18-20. Both the school's own observations and the

28  parent's notification plausibly alerted MSD to both the existence of S.D.'s disability and the fact

**United States District Court**
For the Northern District of California

1    that S.D.'s disability was interfering with her ability to receive an education. Thus, S.D. has

2    adequately alleged that MSD was aware that "harm to a federally protected right [was]

3    substantially likely." *Jones*, 2014 WL 572526 at *2; *accord S.L. ex rel. Mary L. v. Downey Unified*

4    *Sch. Dis*t., No. 13-6050, 2014 WL 934942, at *8 (C.D. Cal. Mar. 10, 2014) (school district was on

5    sufficient notice that plaintiff required accommodations for her seizure disorder after plaintiff

6    experienced seizures during school and her parents informed the school of her needs).

7    　　　S.D. has also pleaded sufficient facts to show that MSD failed to act to prevent or minimize

8    S.D.'s self-injurious behaviors. The Complaint alleges that even after MSD was on notice of S.D.'s

9    behavior, MSD refused to reassign S.D. to another special education placement. Compl. ¶¶ 18-20.

10   After this refusal, S.D.'s injuries continued. *Id.* The Complaint further alleges that MSD's efforts to

11   control S.D.'s self-injurious behaviors were neither effective nor appropriate. *Id.* ¶¶ 37-39.[2] The

12   continued injury S.D. suffered after MSD was put on notice of the likelihood of such injuries

13   plausibly shows that the accommodations MSD offered S.D. were improper. *See S.L.*, 2014 WL

14   934942 at *9 (plaintiff plausibly alleged school district was deliberately indifferent by providing

15   untrained staff to manage plaintiff's seizures); *D.A. v. Meridian Joint Sch. Dist. No. 2*, 289 F.R.D.

16   614, 623 (D. Idaho 2013) (defendant does not satisfy its Section 504/ADA obligations "by merely

17   proffering just any accommodation . . . . Rather, it must consider the individual's particular needs

18   when investigating what accommodations are reasonable"); *K.S.*, 2007 WL 915399 at *2-3

19   (plaintiff plausibly pleaded that school district was deliberately indifferent by failing to respond to

20   parents' requests for accommodations despite being on notice of plaintiff's need for an

21   individualized special education). Accordingly, S.D. has adequately alleged that MSD failed to act

22   upon the likelihood that S.D. would suffer harm to her federally protected rights. *See Jones*, 2014

23   WL 572526 at *2.[3] Because the Complaint pleads adequate facts to allege both that MSD deprived

24   ───────────────────

25   [2] By contrast, S.D. alleges that in her previous school, which had properly trained staff, S.D. did
     not engage in as severe self-injurious behaviors and was able to progress properly through her
26   schoolwork. Compl. ¶ 11. These allegations demonstrate that S.D.'s self-harming behaviors were
     not inevitable and could be controlled.
27   [3] MSD additionally argues that it continually adapted and modified its strategies to lessen S.D.'s
     injuries. Mot. at 6 & n.1. This argument is essentially a factual dispute over whether MSD took
28   adequate steps to accommodate S.D.'s disability, and it is therefore not appropriately resolved
     through a motion to dismiss. *See, e.g.*, *Manzarek*, 519 F.3d at 1031.

Case No.:14-cv-00813-LHK
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

S.D. of access to the full benefits of a public education on account of her autism and that MSD acted with deliberate indifference, the Court DENIES MSD's Motion to Dismiss.

**IV.    CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss is DENIED.

**IT IS SO ORDERED.**

Dated: July 29, 2014

_Lucy H. Koh_
LUCY H. KOH
United States District Judge